# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

STATE OF DELAWARE,          :

                              :      ID NO. 1405009437

        v.               :

                              :

MICHAEL R. HUDGINS,      :

                              :

        Defendant.     :

Submitted: June 17, 2015
Decided: July 1, 2015

***Upon Consideration of Defendant's***
***Motion to Suppress***
**GRANTED**

## ORDER

Gregory R. Babowal, Esquire, Deputy Attorney General, Department of Justice, Dover, Delaware for the State of Delaware.

P. Scott Wilson, Esquire, Law Office of P. Scott Wilson, Dover, Delaware for Defendant.

Young, J.

## DECISION

Defendant Hudgins has moved to suppress all evidence obtained by the State in the course of an unwarranted stop of Defendant's vehicle.

At about 10:20 p.m., May 12, 2014, Defendant and Officer Ballinger were operating vehicles in opposite directions, coming toward each other, on Stevenson Drive, in Kent County, Delaware. Stevenson Drive is a relatively narrow, residential road, on which some parking on each side of the road existed. Stevenson Drive has no center line marked.

Officer Ballinger noted Defendant "coming toward" him, with at least some portion of Defendant's vehicle left of the (unmarked) center of the roadway. Prior to the creation of any dangerous proximity with Officer Ballinger's vehicle, Defendant, by Officer Ballinger's description, "corrected" the situation, without a danger of collision. Defendant then "waved" at Officer Ballinger. Officer Ballinger then had Defendant pull over and come to a stop. During this time, Officer Ballinger was on patrol in a "high crime area" looking for signs of criminal activity, primarily drug activity, but specifically not incidents of intoxicated driving.

Defendant was ultimately charged by Officer Ballinger with violations of 21 *Del. Code* § 4199(A) (which was not indicted) and 21 *Del. Code* § 4114, driving on the wrong side of the road (which was).

The actions of Defendant did not give rise to a legitimate stop by the State. Driving toward the center of a narrow residential road, particularly at a dark time of night, with a constant concern for activities from either side, is not at all unusual, so long as the "correction" is made in due time, which it was here. Similarly, a wave to

2

an on-coming vehicle after the correction could be no more than the acknowledgment of the circumstance. To an experienced officer, such as Officer Ballinger, a sense or feeling of intoxicated driving may well have arisen – and, for that matter, probably would have turned out to be accurate. However, in the event of such an educated suspicion of intoxicated driving, the appropriate measure would have been to follow the vehicle further, in order to see if any articulable irregularities developed.

Given the situation, the stop was not supportable. Because of that determination, any possible *Rodriguez v. U.S.*, 575 U.S. \_\_\_\_\_ (2015), issues concerning the timing between the Ballinger stop and the Digati DUI procedures need not to be addressed, though they may well be significant in this case.

Defendant's Motion to Suppress is **GRANTED**.

**IT IS SO ORDERED**.

<u>   /s/ Robert B. Young          </u>
                      J.

RBY/lmc
oc:   Prothonotary
cc:   Counsel
        Opinion Distribution
        File